UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSICA A. ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00927-WTL-TAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel July 21, 2015, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that the decision of the Commissioner be affirmed, and that Plaintiff's brief in support of appeal be denied.

THE COURT: Okay. I'll now give you my recommended decision in this case. Plaintiff, Jessica Rose, asserts five issues on appeal.

The first issue is whether the ALJ prejudiced Rose by failing to fully and fairly develop the record after she waived being represented by counsel. The second issue is whether the ALJ erred in finding Rose did not meet listing 12.04. The third issue is whether the ALJ improperly failed to summon a medical advisor. The fourth issue is whether the ALJ's credibility finding is patently wrong. And the fifth issue is whether the ALJ erred in finding Rose capable of performing jobs in the national economy.

For purposes of this recommended decision, issues 2 and 3 and 5 essentially assert the same issues, and I'll treat those largely together in my discussion of this appeal.

With respect to the first issue, namely whether the ALJ prejudiced Rose by failing to fully and fairly develop the record, it does appear as though the ALJ did not give the plaintiff sufficient information with respect to her right to have counsel. Specifically, the ALJ failed to explain that representation could be potentially available for free or on a contingency agreement, and that the attorneys' fees are limited to 25 percent of past due benefits. But even if that is problematic, the plaintiff still has to show prejudice as a result, which leads to what I have identified as issues 2, 3, and 5.

With respect to those issues, Plaintiff contends that the ALJ essentially played doctor and should have summoned a medical expert to the hearing, presumably a psychologist, and improperly relied upon his own lay person opinion in deciding that the plaintiff did not meet or equal listing 12.04.

This argument largely centers on the GAF scores. Specifically, Plaintiff received an evaluation from Dr. Donald Kramer resulting in a GAF score of 49, and from Dr. Susan Spencer resulting in a GAF score of 50. Plaintiff essentially equates these GAF scores as evidence of disability and takes issue with the ALJ's decision to give great weight to Dr. Laura Cutler and Dr. Amy Johnson, both of whom are state agency medical reviewers.

A review of the ALJ's decision reveals that the ALJ did, in fact, give reasons for giving significant weight to Drs. Cutler and Johnson and otherwise explained why the ALJ did not believe that the GAF scores by Drs. Kramer and Spencer justified a finding of disability or the fact that the plaintiff met listing 12.04. Specifically, on page 5 of 8 of the ALJ's decision, more specifically page 30 of the record, the ALJ explains that the longitudinal evidence, including the claimant's admitted activities that are discussed previously in the ALJ's decision, substantially contradicted the reported GAF scores. For instance, Dr. Spencer's clinical exam findings

revealed the claimant's adequate judgment, insights, orientation, cooperation, and interaction, abilities to undermine the presence of serious limitations.

In addition, the ALJ observed that Dr. Kramer's report noted the claimant's proper orientation, intellect, insight, judgment, and long-term memory, findings which were inconsistent with a GAF score of 49.  In addition, the ALJ observed Dr. Kramer's summary and final assessment is based almost entirely upon what, "the claimant reports," as opposed to any objective clinical signs.  The ALJ described this as an overreliance on subjective allegations, leading to unfounded limitations, such as a finding that the claimant cannot manage finances of disability funds if awarded, whereas Dr. Spencer declared that the plaintiff was capable of managing those funds.

The ALJ also noted that the claimant had undergone what he described as conservative outpatient treatment and counseling and medication without any prior psychiatric hospitalizations.  As a result, the ALJ discounted the assessments of Drs. Kramer and Spencer as inconsistent with the longitudinal evidence.  The ALJ concluded that, to the contrary, the claimant's activities, objective evidence, and the ALJ's own observations at the hearing support the opinion of Drs. Cutler and Johnson, both of whom the ALJ concluded were entitled to great weight.

Plaintiff argued at the oral argument that a one-time assessment by a clinician is entitled to the same weight as a treating doctor with a history of treating a patient.  I disagree, and I find that the ALJ gave sufficient reasons for giving more significance to the opinions of Drs. Cutler and Johnson.  As a result, the ALJ was not playing doctor, did not err in failing to summon a medical advisor, and did not err in finding that the plaintiff did not meet listing 12.04.     With respect to the credibility assessment, I find that the ALJ's credibility finding is not patently

wrong. The ALJ considered the entire record, and on pages 6 and 7 of 8 of his decision, specifically the record at pages 31 and 32, gave specific reasons for discounting the credibility of the plaintiff.

Specifically, the ALJ stated that to find limitations beyond those set forth by Drs. Cutler and Johnson, he would have to rely upon the claimant's subjective complaints. And the claimant lacks the medical history and credible testimony necessary to validate her claim. The ALJ specifically noted that he was confronted with testimony that she quit her last job due to a conflict with her boss when she was dissatisfied with her work schedule, as opposed to her mental problems.

In addition, the ALJ noted that the claimant insisted she helped very little with the care of her three young children who, at the time of the hearing, I believe were ages two, four, and eight. However, the claimant's spouse worked full time. And, as the ALJ noted when asked about alternative childcare, the claimant indicated she received assistance from her grandparents, but they only occasionally came in town from where they lived, which was out of town. Plaintiff also said she received assistance from a neighbor, but she could not recall the last name of that neighbor. The ALJ concluded that this type of intermittent help weighed against the claimant's contention that she spent many days in bed.

In addition, the ALJ also noted evidence in the record that indicated in the summer of 2010 the plaintiff was attending concerts and working at a gym with friends, and that these types of social activities contradict the plaintiff's allegations of extreme anxiety and fear of crowds and social interaction. As a result, the ALJ properly discounted the plaintiff's credibility.

Plaintiff also takes issue with the ALJ's failure to discuss the testimony of the claimant's father-in-law. However, I've reviewed the testimony of the father-in-law, which appears in the

record at pages 321 through 324, and there is little, if anything, there that the ALJ didn't already consider or that would otherwise change the credibility determination. In short, the ALJ's credibility determination was not patently erroneous.

For these reasons, I conclude that the ALJ did not err with respect to his findings, and I will recommend a decision in favor of the Commissioner.

I will ask the court reporter to transcribe that portion of this oral argument that represents that recommended decision, and I will have that filed on the docket. Any appeal of this recommended decision must be made within 14 days after the transcript is docketed. Thank you for your arguments.

MR. MULVANY: Thank you, Judge.

MR. WOLTERING: Thank you, Your Honor.

(Proceedings adjourned at 11:27 a.m.)

Dated: 7/27/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Luke F. Woltering
SOCIAL SECURITY ADMINISTRATION
luke.woltering@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov